| | |
|---|---|
| Courtney Bowie* | John Mejia (USB No. 13965) |
| Sarah Hinger* | Leah Farrell (USB No. 13696) |
| ACLU Foundation, Inc. | ACLU of Utah Foundation, Inc. |
| 125 Broad Street, Floor 18 | 355 North 300 West |
| New York, New York 10004 | Salt Lake City, Utah 84103 |
| Telephone: (212) 549-2500 | Telephone: (801) 521-9862 |
| cbowie@aclu.org | jmejia@acluutah.org |
| shinger@aclu.org | lfarrell@acluutah.org |
| *admitted pro hac vice | |

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH CENTRAL DIVISION

| | |
|---|---|
| KEVIN WINSTON, *et al*.<br><br>Plaintiffs,<br><br>v.<br><br>SALT LAKE CITY POLICE DEPARTMENT, *et al*.,<br><br>Defendants. | **PLAINTIFFS' NOTICE OF ACCEPTANCE OF WEST VALLEY CITY AND ANITA SCHWEMMER'S RULE 68 OFFER OF JUDGMENT**<br><br>Case No. 2:12-cv-01134 TS-BCW |

Pursuant to Rule 68(a) of the Federal Rules of Civil Procedure, Plaintiffs, through their undersigned counsel, hereby affirm that on November 10, 2015, they accepted in writing Defendants West Valley City's and Anita Schwemmer's ("Defendants'") Clarification of October 21, 2015 Offer of Judgment dated October 27, 2015 (the "October 27 Offer"), attached hereto as Exhibit A, and hereby provide notice of that acceptance.

Despite purporting to be a "clarification" to an earlier invalid offer of judgment Defendants dated October 21, 2015, the October 27 Offer is, in reality, a stand-alone offer that

1

Plaintiffs accepted in a timely fashion. The October 27, 2015 Offer stated, in its entirety, as follows:

> On October 21, 2015, Defendants West Valley City and Anita Schwemmer ("WVC Defendants") offered, pursuant to Rule 68 of the Federal Rules of Civil Procedure, to allow Plaintiffs to jointly and collectively take judgment against WVC Defendants for Fifty Thousand Dollars ($50,000.00) in resolution of all remaining claims against WVC Defendants. On October 22, 2015, counsel for Plaintiffs, John Mejia, contacted counsel for WVC Defendants, Heather S. White, to discuss an alleged ambiguity in the October 21, 2015 offer of judgment resulting from failure to allocate specific portions of the $50,000 offer of judgment amount to Kevin Winston, on behalf of his minor son K.W., Gloria Urcino, on behalf of her minor daughter, Y.A., and Angelica Estrada, on behalf of her minor daughter A.P.
>
> Pursuant to *Roska v. Sneddon*, 366 Fed. Appx. 930 (10th Cir. 2010), WVC Defendants hereby clarify their October 21, 2015 Offer of Judgment by Defendants West Valley City and Anita Schwemmer to allow Plaintiffs to jointly and collectively take judgment against WVC Defendants for Fifty Thousand Dollars ($50,000.00) in resolution of all remaining claims against WVC Defendants, to be allocated as follows: forty-eight thousand dollars ($48,000.0) to Kevin Winston, on behalf of his minor son K.W.; one thousand dollars ($1,000.00) to Gloria Urcino, on behalf of her minor daughter, Y.A.; and one thousand dollars to ($1,000.00) to Angelica Estrada, on behalf of her minor daughter A.P. This offer must be accepted jointly by all Plaintiffs. These amounts include Plaintiffs' reasonable attorneys' fees, expenses and costs incurred in pursuing any ultimately successful claims against WVC Defendants. This offer is not an admission of liability by WVC Defendants and any liability is expressly denied. This offer is intended to reduce WVC Defendants' potential responsibility for Plaintiffs' costs and attorney's fees as provided by 42 U.S.C. §1988 in the event Plaintiffs obtain judgment.

(October 27, 2015 Offer, Ex. A.)

Plaintiffs accepted the October 27 Offer in writing via email on November 10, 2015. (Email attached as Exhibit B.) After that acceptance, Defendants sent Plaintiffs an email

disputing that the October 27, 2015 was a new offer of judgment, asserting instead that the offer was a "clarification" of an offer they made dated on October 21, 2015 (the "October 21 Letter"), and requesting that Plaintiffs delay the filing of this Notice.  Defendants contended that the October 21 Letter started the Rule 68 deadline, and that the deadline ended on November 9, 2015.  Plaintiffs immediately responded that they were responding to the October 27 Offer, whose deadline would have expired on November 13, 2015.

> That October 21, 2015 letter read in its entirety:
>
> Pursuant to Rule 68 of the Federal Rules of Civil Procedure, Defendants West Valley City and Anita Schwemmer ("WVC Defendants") offer to allow Plaintiffs to jointly and collectively take judgment against WVC Defendants for Fifty Thousand Dollars ($50,000.00) in resolution of all remaining claims against WVC Defendants. This amount includes Plaintiffs' reasonable attorneys' fees, expenses and costs incurred in pursuing any ultimately successful claims against WVC Defendants. This offer is not an admission of liability by WVC Defendants and any liability is expressly denied. This offer is intended to reduce WVC Defendants' potential responsibility for Plaintiffs' costs and attorney's fees as provided by 42 U.S.C. §1988 in the event Plaintiffs obtain judgment.
>
> If this offer is not accepted within fourteen (14) days after service, the offer shall be deemed withdrawn and evidence thereof shall not be admissible except in a proceeding to determine costs and attorneys' fees.

(October 21 Letter, attached hereto as Exhibit C.)

As Defendants implicitly concede in invoking *Roska v. Sneddon*, 366 Fed. Appx. 930 (10th Cir. 2010) in their October 27 Offer, the unapportioned offer contained in the October 21 Letter was not a valid offer under the law of the Tenth Circuit.  Particularly, *Roska* approvingly cited *Lintz v. Am. Gen. Finance, Inc.,* 76 F.Supp.2d 1200, 1213 (D.Kan.1999) for the proposition that an unallocated Rule 68 offer to two unrelated plaintiffs who faced sexual harassment at work

"was not valid because the two plaintiffs were unable to evaluate the offer as it related to their individual claims." *Roska*, 366 Fed. Appx. at 940, n. 7.

As this Court has recently affirmed in denying class certification in this case, the facts applying to K.W., A.P., and Y.A., three unrelated students, are different, resulting in a different analysis as to the potential value of their cases. Defendants' October 21 Letter was an unapportioned offer that did not allow them to evaluate the offer. As Defendants' October 27 Offer indicates, Plaintiffs informed Defendants of that invalidity on October 22, 2015. Plaintiffs did not solicit any additional information about the October 21 Letter, which was clear on its face, but rather informed Defendants that it was invalid.

While Defendants contend that the October 27 Offer is a clarification of an offer that started the clock on October 21, 2015, there is no precedent for allowing a defendant to turn an invalid Rule 68 offer into a valid one by sending a new offer that purports to be a clarification, much less relate the valid offer's 14 day deadline back to the date of the invalid offer. This lack of case law is unsurprising; because Plaintiffs face great peril in rejecting a Rule 68 offer, it makes sense that the rule provides 14 full days from the making of a *valid* offer to evaluate and accept it. The October 21 Letter failed as an enforceable Rule 68 offer: allowing Defendants to cut nearly a week off of Plaintiffs' time for consideration of the October 27 Offer, which is valid, because that offer is labeled as a clarification of an invalid offer is wholly unsupported by precedent and policy.

Today, Plaintiffs have contacted Defendants about whether they intend to object or otherwise oppose the entry of a judgment based on this Notice. Defendants indicated that they are unable to let Plaintiffs know of a decision on that question at this time. Because the

operation of Rule 68 makes entry mandatory, however, Plaintiffs respectfully submit that a judgment should be entered against Defendants pursuant to the terms of the October 27 Offer, attached hereto as Exhibit A.

Respectfully submitted this 12th day of November, 2015

Counsel for Plaintiffs,
  /s/  John Mejia
John Mejia (USB No. 13965)
Leah Farrell (USB No. 13696)
ACLU of Utah Foundation, Inc.
355 North 300 West
Lake City, Utah 84103
Telephone: (801) 521-9862
Facsimile: (801) 532-2850
jmejia@acluutah.org
lfarrell@acluutah.org

Courtney A. Bowie*
Sarah Hinger*
American Civil Liberties Union Foundation
Racial Justice Program
125 Broad St., 18th Floor
New York, NY 10004
cbowie@aclu.org
shinger@aclu.org
Phone: (212) 549-2682
Fax: 212-549-2654
*admitted pro hac vice

## CERTIFICATE OF SERVICE

Counsel of Record for all named Defendants have been served this Notice of Acceptance via the Court's ECF system

Dated this 12th day of November, 2015.

By: */s/ John Mejia*